# IN THE COURT OF APPEALS OF IOWA

No. 17-1740
Filed October 10, 2018

**IN THE INTEREST OF C.D.,**
**Minor Child,**

**L.D., Father,**
    Petitioner-Appellee,

**S.P., Mother,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

The mother appeals the district court's grant of the father's petition to terminate her parental rights to their minor child. **AFFIRMED.**

Kelsey L. Knight of Carr Law Firm, PLC, Des Moines, for appellant.

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellee.

Chira Corwin of Corwin Law Firm LLC, Des Moines, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

The father of a child petitioned to terminate the mother's parental rights. The district court granted the petition after finding the mother abandoned the child. *See* Iowa Code § 600A.8(3) (2016). On appeal, the mother contends the record lacks clear and convincing evidence to support the finding and termination was not in the child's best interests.

A parent is deemed to have abandoned a child who is six months old or older "unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following":

> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

*Id.* § 600A.8(3)(b).

Our de novo review of the record reveals the following facts. The child was born in 2006. Pursuant to a custody decree filed in 2007, the mother obtained physical care of the child and the father exercised regular visitation. In 2013, the decree was modified to grant the father physical care, subject to visitation with the mother every other weekend.

The father lived in Des Moines. In 2013, the mother moved to an eastern Iowa town approximately three hours away. The mother began exercising visits over Thanksgiving 2013. Initially, the father took the child to her home. Later, the parents agreed to exchange the child at a half-way point.

After about four months, the father stopped transporting the child to visits. In his view, the mother failed to attend to the child's physical and emotional needs and her "living situation wasn't getting any better." After he discontinued his involvement in the exchange, the visits stopped. The father testified the mother "called every once in a while, but that was about it."

The mother acknowledged she did nothing to reinitiate visits after the father declined to facilitate them. Even after she moved back to Des Moines in 2016, she had no personal contact with the child. When asked what she had done, "if anything, since the summer of 2014 to try and maintain a place of importance in [her] son's life," she answered, "I tried to call two years ago on his birthday—I was up in Des Moines visiting my middle son—and there was no answer for the number that I had." She agreed it was not the father's job "to try to coax [her] into parenting" her child.

The principal of the parochial school the child attended for most of second through fifth grade testified she never met the mother. She found it odd that the mother did not have any involvement with the child's education.

The district court determined "[t]he evidence clearly and convincingly established that" the mother did not attempt "to regularly communicate with [the child] . . . for several years." The court declined to find that the father precluded visits.

We agree with the district court's determination. Although the father failed to facilitate visits after the spring of 2014, the mother took no action to rectify the situation. Under section 600A.8(3)(c), the court "shall not require a showing of diligent efforts by any person to encourage the parent to perform the acts specified in [the provision]." We conclude the father established abandonment under section 600A.8(3).

This brings us to the question of whether termination was in the child's best interest. *See In re Q.G.*, 911 N.W.2d 761, 771 (Iowa 2018). "The best interest of the child requires each parent 'affirmatively assume the duties encompassed by the role of being a parent.'" *Id.* (citation omitted).

In *Q.G.*, the court found the father was incarcerated, had not seen his children for years, and lacked a meaningful bond with them. *Id.* at 771-73. Nonetheless, the court concluded termination was not in the children's best interests because the father's parents were caring for them and the father would be living with his parents on his release from prison. *Id.* at 773.

The mother's situation is strikingly different. First, the threshold finding for termination in this case is abandonment, not incarceration. *See* Iowa Code § 600A.8(3), (9). Second, the mother had the ability to maintain a relationship with her child for the four years after the physical-care arrangement was modified, whereas the father in *Q.G.* was imprisoned, albeit as a result of his own actions. Finally, although the mother testified she lacked the means to enforce the visitation provisions of the modified decree, there is scant if any indication she took informal, financially neutral steps to resolve the visitation issue, such as reaching out to the

father or his attorney, whose contact information she possessed or could easily obtain.

We conclude termination of the mother's parental rights to the child was in the child's best interests. We affirm the district court's termination decision.

**AFFIRMED.**